IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| CODEMASTERS GROUP HOLDINGS LIMITED | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:11-cv-068 |
| SOUTHPEAK INTERACTIVE CORPORATION | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
SOUTHPEAK INTERACTIVE CORPORATION'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(3)**

Defendant Southpeak Interactive Corporation ("Southpeak"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(3), submits the following Memorandum of Law in support of its Motion to Dismiss Plaintiff Codemasters Group Holdings Limited's ("Codemasters") Complaint.

The Court should dismiss Codemasters' Complaint on the grounds that it has sued Southpeak in the wrong forum, claiming breach of an agreement that by its very terms mandates that this case be litigated in the United Kingdom. Specifically, the parties agreed to submit any disputes arising out of the Settlement Agreement to the "exclusive jurisdiction of the High Court of England." This forum selection clause is presumptively valid, mandatory and reasonable. It is, therefore, enforceable against Codemasters who filed suit in the wrong forum. The Complaint should be dismissed as a matter of law.

**I.  STATEMENT OF FACTS**

According to the Complaint, Plaintiff Codemasters is a foreign corporation, organized under the laws of the United Kingdom, with its principal place of business in Warwickshire, England. Defendant Southpeak is a Virginia corporation with its principal place of business in

1

Richmond, Virginia. Compl., ¶¶ 1-2. The Parties developed and maintained a business relationship over the course of a number of years, and on or about November 27, 2009, the Parties executed a Settlement Agreement to finally resolve a dispute that had arisen. *Id.*, ¶¶ 7-12. Paragraph 12 of the Settlement Agreement reads as follows:

> GOVERNING LAW AND JURISDICTION
>
> This Agreement shall be governed by, and construed in accordance with, English law. Any dispute arising out of or in connection with, or concerning the carrying into effect of, this Agreement shall be subject to the exclusive jurisdiction of the High Court of England, and the parties hereby submit to the exclusive jurisdiction of that court for these purposes.

Exhibit A to Compl., ¶ 12.[1]

On January 26, 2011, Codemasters filed its Complaint against Southpeak alleging one cause of action, breach of the Settlement Agreement. The Complaint further alleges that jurisdiction is founded on 28 U.S.C. § 1332(a), the diversity of the parties' citizenship. Compl., ¶ 3. On February 22, 2011, this Court entered an Order extending Southpeak's deadline to respond to the Complaint, up to and including March 1, 2011.

## II. ARGUMENT

### A. Interpretation of the Forum Selection Clause Should Be Analyzed Under Federal Law and Federal Rule of Civil Procedure 12(b)(3).

The *Erie* Doctrine requires a federal court in diversity to apply state law to substantive matters, but federal law to procedural matters. For purposes of *Erie*, forum selection clauses are procedural in nature and governed by federal law. *Albemarle Corp. v. Astrazeneca UK Ltd*, 628 F.3d 643, 650 (4th Cir. 2010) ("[A] forum selection clause implicates what is recognized as a

---

[1] For purposes of this Motion, the Settlement Agreement is considered part of the Complaint. *Senture, LLC v. Dietrich*, 575 F. Supp. 2d 724, 725 (E.D. Va. 2008). In any event, in reviewing a 12(b)(3) motion, the Court may consider evidence outside the pleadings. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).

procedural matter governed by federal law."); *Sandy Spring Bank v. Advanced Sys. Servs., Corp.*, No. 1:09-cv-023, 2009 U.S. Dist. LEXIS 27288, *10 (E.D. Va. 2009) ("since forum clauses involve procedural issues and choice of law clauses are substantive, federal law, not choice of law provisions, should determine whether a forum clause is mandatory or permissive") (citing *K & V Scientific Co. v. BMW*, 314 F.3d 494, 501 (10th Cir. 2002)); *accord Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007).[2]

The Fourth Circuit has recently instructed that Federal Rule of Civil Procedure 12(b)(3) is the proper rule for motion to dismiss seeking to enforce a forum selection clause. *See Sucampo Pharms.*, 471 F.3d at 550 (holding that "a motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue"); *see also Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 607 n.1 (E.D. Va. 2008) (citing *Sucampo* and stating that "Rule 12(b)(3) clearly governs the argument to dismiss on grounds of enforcing the forum selection clause").

Once challenged under Rule 12(b)(3), the plaintiff's allegations are not taken as admitted,[3] and the plaintiff bears the burden of establishing that venue is proper." *Rice Contracting Corp. v. Callas Contractors, Inc.*, No. 1:08 CV 1163, 2009 U.S. Dist. LEXIS 3 (E.D. Va. Jan. 2, 2009) (*citing Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2 812, 816 (4th Cir. 1979), *overruled on other grounds*, *Ratino v. Med. Serv. Of D.C.,* 718 F.2d 1260 (4th Cir. 1983)). Codemasters cannot meet that burden because it contractually agreed to litigate this case in the UK.

---

[2] Paragraph 12 of the Settlement Agreement also contains a choice of law provision requiring application of English law. Complaint, Exh. A. Such a choice of law clause is enforceable. *See, e.g.*, *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270 (4th Cir. 2007) (citing *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 624 (4th Cir. 1999)) ("Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances.").

[3] In so doing, the Court does not convert the motion to dismiss into one for summary judgment. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

**B.       The Forum Selection Clause of the Settlement Agreement is Mandatory.**

This Court has held that "[w]hen determining the import of a forum selection clause the Court must first examine whether the clause is mandatory or permissive." *Orion Worldwide Travel, LLC v. Commonwealth Foreign Exchange, Inc.*, No. 1:09-cv-1148, 2009 U.S. Dist. LEXIS 108643, at *4 (E.D. Va. Nov. 20, 2009) (citations omitted).  A mandatory forum selection clause "contains 'clear language showing that jurisdiction is appropriate only in the designated forum.'" *Id*. at *4-5 (citations omitted).  Only where a forum selection clause lacks such clear language, may it be construed to permit litigation elsewhere. *See, e.g.*, *Sandy Spring Bank*, 2009 U.S. Dist. LEXIS 27288, at *7-10.

Here, the forum selection clause is unambiguous, calling for "the <u>exclusive</u> jurisdiction of the High Court of England" and further stating that "the parties hereby submit to the exclusive jurisdiction of that court for these purposes." Settlement Agmt., ¶ 12 (emphasis added).  Both parties intended their choice of forum to be mandatory such that suits relating to the Settlement Agreement could be heard only in England.  In such cases, the forum selection clause is mandatory.[4]  *See IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007); *Orion Worldwide*, 2009 U.S. Dist. LEXIS 27288, at *5 ("When a 'forum selection clause contains language unambiguously indicating that the venue indicated is the exclusive venue in which claims can be brought' such a clause is mandatory.") (citations omitted); *Xerox Corp. v. Colors*, No. 3:10-cv-

---

[4] Even if this Court were to determine that enforceability of a forum selection clause should be treated as a substantive, and not a procedural, issue, and therefore one that, in this case, should be determined under English law, the forum selection clause would still be held enforceable under such law. *See, e.g.*, *Albemarle Corp. v. Astrazeneca UK Ltd*, 628 F.3d 643, 651 (4th Cir. 2010) (indicating that, "[u]nder English law, when …. parties designate the English High Court as an appropriate forum, the designation is mandatory and exclusive").

412, 2010 U.S. Dist. LEXIS 106566, at *6 (E.D. Va. Oct. 4, 2010) (a forum selection clause is mandatory where "the clause also contains limiting language, such as …. 'exclusive.'").

Accordingly, the forum selection clause is mandatory for "[a]ny dispute arising out of or in connection with, or concerning the carrying into effect of [the Settlement Agreement]." Settlement Agmt., ¶ 12. While the Complaint alleges facts concerning "proposed modified payments [sic] plans," the only claim brought is one alleging breach of contract. Compl., ¶ 31 ("Southpeak breached its obligations under the Settlement Agreement."). Virginia federal courts have upheld the obvious proposition that an alleged breach of contract is a matter arising out of the contract. *See, e.g.*, *Caribbean S.S. Co. v. La Societe Navale Caennaise*, 140 F. Supp. 16, 25 (E.D. Va. 1956) (holding alleged breach of contract was "an issue …. clearly arising out of the contracts" between the parties); *accord Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 93 (4th Cir. 1996) (holding that, if any claim has a "significant relationship" to the contract at issue, that claim can be said to arise out of or relate to the contract); *Delta-T Corp. v. Pac. Ethanol, Inc.*, No. 3:08-cv-524, 2009 U.S. Dist. LEXIS 8151, at *27 (E.D. Va. 2009) (holding that alleged breaches of amendments to license agreements "clearly arise[] 'out of or [are] related to'" the agreements).[5]

Thus, because the broad language of Paragraph 12 of the Settlement Agreement explicitly provides that it applies to "[a]ny dispute arising out of or in connection with" it, and Codemasters' only claim (breach of the Settlement Agreement) arises directly out of the Settlement Agreement, the mandatory forum selection clause is applicable and must be enforced.

---

[5] Even were Virginia law to be applied, the result would be the same. *Foster v. Wintergreen Real Estate Co.*, No. CL09000086, 2010 Va. Cir. LEXIS 252, at *14 (alleged breach of express warranty was "clearly a matter arising from the contract"); *Ahern v. Toll Bros.*, 55 Va. Cir. 18, 24 (Va. Cir. Ct. 2001) ("the breach of contract and breach of warranty claims clearly arise out of the agreement").

### C. The Forum Selection Clause of the Settlement Agreement is Not Unreasonable, and is Therefore Valid and Enforceable.

The law is clear that forum selection clauses are prima facie valid "unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).[6] Forum selections clauses "may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). The burden of proving the unreasonableness of a forum selection clause is a heavy one; the disputing party must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen*, 407 U.S. at 15; s*ee also Carnival Cruise Lines*, 499 U.S. at 592.

In this case, the forum selection clause to which both parties agreed is entirely reasonable. Codemasters has not alleged or even suggested that the forum selection clause of the Settlement Agreement was induced by fraud or overreaching and thus it is bound by its pleading. *See, e.g.*, *Orion Worldwide Travel,* 2009 U.S. Dist. LEXIS 108643, at *8-9 (finding no such allegations in plaintiff's complaint); *Hipage Co.*, 589 F. Supp. 2d at 612-13 (noting that plaintiff "did not allege fraud in the Complaint"). Nor is there any evidence that the forum selection clause was "unfair or unreasonable, or … affected by fraud or unequal bargaining power." *Paul Business Systems, Inc.*

6

*v. Canon U.S.A., Inc.*, 240 Va. 337, 342 (Va. 1990) (citation omitted). Here, as in *The Bremen*, the forum selection "was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts." *The Bremen*, 407 U.S. at 12. Under such circumstances, it cannot be unfair to enforce a provision of an agreement both corporate parties carefully negotiated and entered. Indeed, the Complaint itself alleges, unqualified, that the Settlement Agreement is a "valid, enforceable contract." Compl., ¶ 29.

Nor would enforcement of the forum selection clause be so unfair or inconvenient as to deprive Codemasters of its day in court. Codemasters is a UK corporation that has its principal place of business in Warwickshire, England. Compl., ¶ 1. From Codemasters' perspective, therefore, England is likely a *more convenient* forum in which to litigate, as its employees, and a number of its witnesses, are more likely to be found in England than in the Eastern District of Virginia. Even if it can be argued that the Eastern District of Virginia is a more convenient forum than England for some of Codemasters witnesses, this fact should not preclude enforcement of the forum selection clause. *Hipage Co.*, 589 F. Supp. 2d at 612-13 (citing *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1258 (4th Cir. 1991)) ("the expense of transporting witnesses is not sufficient to preclude enforcement of a forum clause.") In general, a forum selection clause, if freely bargained for and not contrary to public policy, should be characterized as unreasonable only where the chosen forum "is *seriously* inconvenient for the trial of the action." *The Bremen*, 407 U.S. at 16. That is not the case here.

---

[6] The Court further notes that "[i]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court….," and that "[t]his approach is substantially … followed in other common-law countries including England." *The Bremen*, 407 U.S. at 11.

Southpeak's motion is not intended to delay this action. To the contrary, Southpeak merely seeks to enforce the terms of the very same agreement under which Codemasters seeks relief. As in *The Bremen*, whatever inconvenience Codemasters could be said to suffer here "by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting." *The Bremen*, 407 U.S. at 17-18; *see also Atley Pharms. v. Brighton Pharms., Inc.*, 2006 U.S. Dist. LEXIS 72614, at *13 (E.D. Va. 2006) (citing *Gordonsville Indus. v. Am. Artos Corp.*, 549 F. Supp. 200, 206 (W.D. Va. 1982)) ("It should have been clearly foreseeable to [plaintiff], when it contracted with [defendant], that it might have to bring an action for breach of contract …. in the venue specified in the Agreement."). Codemasters failed to abide by the plain language of the forum selection clause in bringing suit in this Court. Such failure should not now preclude litigation of this dispute in the Parties' agreed-upon forum. *See Atley Pharms.*, 2006 U.S. Dist. LEXIS 72614, at *13 ("The fact that [plaintiff] may be required to pursue a separate action against [defendant] in no way effects [sic] [defendant's] right to bring the claim.").

Additionally, enforcement of the forum selection clause in this case would not be fundamentally unfair to the point of depriving Codemasters of a remedy. This Court has recognized that "it is not enough that the foreign law or procedure merely be different or less favorable than that of the United States." *Allen v. Lloyd's of London*, No. 3:96-cv-522, 1996 U.S. Dist. LEXIS 12300, at *51 (E.D. Va. 1996) (citation omitted), *overruled on other grounds*, 94 F.3d 923 (4th Cir. 1996). "Instead," this Court continued, "the issue on this facet of the inquiry is whether the foreign law selected by the parties is so fundamentally unfair as to present the danger that the plaintiff 'will be deprived of any remedy or treated unfairly.'" *Id.* (citation omitted). As a prospective forum, England does not present such a risk: "Although in certain situations English substantive law may not be as favorable to a party as would American law, United States courts have consistently found English tribunals to be neutral and just forums." *Id.* (citing *The Bremen*

8

and several other cases for such proposition). In addition, there is no evidence here of any bad faith intent on the part of Southpeak to deter Codemasters from pursuing legitimate actions. *Carnival Cruise Lines*, 499 U.S. at 595. Southpeak seeks merely to litigate, if at all, in the forum selected by the parties.

Finally, enforcement of the forum selection clause of Paragraph 12 would not contravene any public policy of the Commonwealth of Virginia. Indeed, this Court has, on many occasions, enforced forum selection clauses, finding that the proper venue for an action was in England or some other foreign jurisdiction, rather than the Eastern District of Virginia. *See, e.g., Marine Oil Trading Limited v. Motor Tanker Paros*, 287 F.Supp.2d 638, 641-46 (E.D. Va. 2003) (enforcing forum selection clause providing for jurisdiction in "the English High Court of Justice" and granting motion to dismiss action brought in the Eastern District of Virginia); *Sucampo Pharms.*, 471 F.3d at 551 (affirming dismissal of breach of contract claims where forum selection clause provided for jurisdiction in Japan). The Fourth Circuit has even "enforced forum selection clauses …. where the contracted forum was England, and English law was arguably at odds with certain United States securities laws." *Hipage Co.*, 589 F. Supp. 2d at 612-13 (citing *Allen v. Lloyd's of London*, 94 F.3d at 928-32)). In addition, this is not an "essentially American controversy" such that it would be unjust to litigate in a foreign jurisdiction. *The Bremen*, 407 U.S. at 17. Thus, enforcement of the forum selection clause in this case would not contravene any public policy of Virginia.

Because the forum selection clause of the Settlement Agreement is not unreasonable, it should be enforced and this case should be dismissed. *See The Bremen*, 407 U.S. at 10; *Orion Worldwide Travel, LLC*, 2009 U.S. Dist. LEXIS 108643, at *11 (finding that a forum selection clause "is not unreasonable and is thus an enforceable clause").

### III. <u>CONCLUSION</u>

To seek to enforce its rights under the Settlement Agreement, Codemasters must proceed in the forum the parties agreed to for disputes related to the Agreement. The forum selection clause of Paragraph 12 is valid, mandatory and enforceable against the parties, and the Complaint is subject to dismissal on these grounds. *See, e.g., Bryant Electric Co., Inc. v. City of Fredericksburg*, 762 F.2d 1192, 1196 (4th Cir. 1985). If Codemasters has any claim it should be raised not in the Eastern District of Virginia, but in England, the Parties' agreed-upon forum. As such Southpeak respectfully submits that the Court should grant its Motion to Dismiss under Rule 12(b)(3).

This the 1st day of March, 2011

          Respectfully submitted,

          SOUTHPEAK INTERACTIVE CORPORATION

By :     /s/
      -------------------------
      William R. Poynter
      Virginia State Bar No. 48672
      Counsel for Defendant
      WILLIAMS MULLEN
      222 Central Park Avenue, Suite 1700
      Virginia Beach, VA 23462
      Telephone: (757) 499-8800
      Facsimile: (757) 473-0395
      wpoynter@williamsmullen.com

      OF COUNSEL:

      Robert C. Van Arnam
      N.C. State Bar No. 28838
      Counsel for Defendant
      WILLIAMS MULLEN
      301 Fayetteville Street, Suite 1700
      Raleigh, NC 27601
      Telephone: (919) 981-4055
      Facsimile: (919) 981-4300
      rvanarnam@williamsmullen.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of March, 2011, I electronically filed the foregoing Memorandum of Law in Support of Defendant Southpeak Interactive Corporation's Motion to Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(3) with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Brandon H. Elledge
>HOLLAND & KNIGHT LLP
>Counsel for Plaintiff
>1600 Tysons Boulevard, Suite 700
>McLean, Virginia 22102
>Telephone: (703) 720-8015
>Facsimile: (703) 720-8610
>brandon.elledge@hklaw.com
>
>Christine Tramontano
>HOLLAND & KNIGHT LLP
>Counsel for Plaintiff
>31 West 52nd Street
>New York, New York 10059
>Telephone: (212) 513-3200
>Facsimile: (212) 385-9010
>christine.tramontano@hklaw.com

and also served a copy, along with a copy of the notification of such filing (NEF), via electronic mail, to the following non-filing user:

>John M. Toriello
>HOLLAND & KNIGHT LLP
>Counsel for Plaintiff
>31 West 52nd Street
>New York, New York 10059
>Telephone: (212) 513-3200
>Facsimile: (212) 385-9010
>john.toriello@hklaw.com

By: /s/
_____
William R. Poynter
Virginia State Bar No. 48672
Counsel for Defendant

WILLIAMS MULLEN
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462
Telephone: (757) 499-8800
Facsimile: (757) 473-0395
wpoynter@williamsmullen.com