IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| CODEMASTERS GROUP HOLDINGS LIMITED | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:11-cv-068 |
| SOUTHPEAK INTERACTIVE CORPORATION | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
SOUTHPEAK INTERACTIVE CORPORATION'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(3)**

Defendant Southpeak Interactive Corporation ("Southpeak"), by counsel and pursuant to Fed. R. Civ. P. 12(b)(3), submits the following Memorandum of Law in support of its Motion to Dismiss Plaintiff Codemasters Group Holdings Limited's ("Codemasters") Amended Complaint.

Codemasters has amended its Complaint but nothing has changed. The Court should dismiss Codemasters' Amended Complaint on the grounds that it has sued Southpeak in the wrong forum, claiming breach of Settlement Agreement with a forum selection clause that mandates that this case be litigated in England. In response to Southpeak's Motion to Dismiss Codemasters' original Complaint on these grounds, Codemasters filed an Amended Complaint inventing a new and contradictory theory that the parties had entered a "Settlement Agreement Amendment" which purported to waive the forum selection clause in the Settlement Agreement.

The purported Amendment attached to the Amended Complaint is an unsigned and undated proposal that Southpeak rejected. Codemasters acknowledged that rejection and neither party performed under the purported Amendment as they continued to negotiate terms and payment

1

schedules. Thus, the Amendment is not a valid agreement and the only valid contract between the parties is the Settlement Agreement.

The Settlement Agreement does not allow Codemasters to seek any relief in this Court. Pursuant to that Agreement, the parties agreed that any disputes arising thereunder would be submitted to the "exclusive jurisdiction of the High Court of England." This forum selection clause is presumptively valid, mandatory and reasonable. It is, therefore, enforceable against Codemasters who filed suit in the wrong forum.

## I. STATEMENT OF FACTS

According to the Amended Complaint, Plaintiff Codemasters is a foreign corporation, organized under the laws of the United Kingdom, with its principal place of business in Warwickshire, England. Defendant Southpeak is a Virginia corporation with its principal place of business in Richmond, Virginia. Am. Compl. ¶¶ 1-2. The Parties developed and maintained a business relationship over the course of a number of years but terminated that relationship after a dispute had arisen. *Id*. ¶¶ 7-12. The parties negotiated a resolution and on November 2, 2009, Codemasters proposed a Settlement Agreement with a governing law provision and forum selection clause designating jurisdiction in England, which Southpeak accepted. *Id*. ¶ 12; Declaration of Terry Phillips ("Phillips Dec.") ¶ 4.[1] On or about November 27, 2009, the Parties executed a Settlement Agreement that adopted the governing law and jurisdiction language Codemasters had proposed. Paragraph 12 of the Settlement Agreement reads as follows:

GOVERNING LAW AND JURISDICTION

This Agreement shall be governed by, and construed in accordance with, English law. Any dispute arising out of or in connection with, or concerning the carrying into effect of, this Agreement shall be subject to the exclusive jurisdiction of the

---

[1] The Declaration of Terry Phillips and the exhibits thereto are attached at Exhibit 1.

    High Court of England, and the parties hereby submit to the exclusive jurisdiction
    of that court for these purposes.

Exhibit A to Am. Compl., ¶ 12.[2]

  In August and September, 2010, Codemasters submitted proposals to Southpeak for alternate payment schedules that Southpeak rejected. On September 22, 2010, Simon Moynihan, Assistant Lawyer for Codemasters, sent another proposed amendment to the Settlement Agreement to Terry Phillips, Chairman of Southpeak ("Proposed Amendment"). Am. Compl. ¶ 23; Phillips Dec. ¶ 7 and Ex. C. On September 24, 2010, Phillips received another email from Mr. Moynihan, inquiring as to whether Mr. Phillips had been able to review the Proposed Amendment. Phillips Dec. ¶ 8 and Ex. D. The Proposed Amendment required a payment of $25,000 to Codemasters on or before September 24, 2010. Southpeak did not make that payment. Am. Comp. ¶¶ 23, 24 and Ex. B to the Am. Comp.

  On or about September 29, 2010, Mr. Phillips emailed Mr. Simon Parsons, then Chief Financial Officer for Codemasters, informing him that Southpeak had not yet reviewed the Proposed Amendment, but was rejecting it and the payment schedule Codemasters had proposed. Codemasters had proposed that Southpeak pay $25,000 per week in October, $50,000 in November, and $75,000 in December. Mr. Phillips rejected that proposal and instead agreed to pay $25,000 each week in October and November, $50,000 per week in December and $75,000 per week thereafter. Am. Comp. ¶ 23 and Ex. B; Phillips Dec. ¶ 9 and Ex. E. Mr. Parsons replied to Mr. Phillips, acknowledging that Southpeak had rejected Codemasters' proposal and that Southpeak's payment terms departed from the terms in the Proposed Amendment. Specifically,

---

  [2] For purposes of this Motion, the Settlement Agreement is considered part of the Complaint. *Senture, LLC v. Dietrich*, 575 F. Supp. 2d 724, 725 (E.D. Va. 2008). In any event, in reviewing a 12(b)(3) motion, the Court may consider evidence outside the pleadings. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006).

Mr. Parsons stated, "you've changed what we discussed and what you previously offered...." Phillips Dec. ¶ 9 and Ex. E.

Subsequently, Southpeak continued to pay Codemasters based on the schedule it had proposed on September 29, 2010. Southpeak made no payments based on the Proposed Amendment that it had rejected. *Id.* ¶ 11. On November 3, 2011, Southpeak offered a new payment schedule that Codemasters accepted on December 24, 2011. In his December 24, 2010 email, Mr. Paul Martin, the new Chief Financial Officer for Codemasters, stated that "[b]ased on [Southpeak's] proposal, which [Codemasters] accepted, [Southpeak is] now at least $200k payable to [Codemasters] today." *Id.* ¶ 10 and Ex. F.

On January 26, 2011, Codemasters filed its Complaint against Southpeak alleging one cause of action, breach of the Settlement Agreement. On February 22, 2011, this Court entered an Order extending Southpeak's deadline to respond to the Complaint, up to and including March 1, 2011. On March 1, 2011, Southpeak moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3) and the forum selection clause requiring suit in England. In response, on March 10, 2011, Codemasters filed an Amended Complaint changing its allegations and claiming for the first time that Southpeak had accepted "by partial performance" the Proposed Amendment which states: **NOT A BINDING AGREEMENT UNTIL SIGNED BY BOTH PARTIES** (emphasis original). Ex. B to Am. Compl.

The Amended Complaint alleges that jurisdiction is founded on 28 U.S.C. § 1332(a), the diversity of the parties' citizenship. Am. Compl. ¶ 3.

## II. ARGUMENT

Once challenged under Rule 12(b)(3), the plaintiff's allegations are not taken as admitted,[3] and "the plaintiff bears the burden of establishing that venue is proper." *Rice Contracting Corp. v. Callas Contractors, Inc.*, No. 1:08 CV 1163, 2009 U.S. Dist. LEXIS 3 (E.D. Va. Jan. 2, 2009) (citing *Bartholomew v. Va. Chiropractors Ass'n, Inc.*, 612 F.2 812, 816 (4th Cir. 1979), *overruled on other grounds*, *Ratino v. Med. Serv. Of D.C.,* 718 F.2d 1260 (4th Cir. 1983)). Codemasters cannot meet that burden because it contractually agreed to litigate this case in England. The only valid agreement between the parties is the Settlement Agreement.

### A. The Unsigned Proposed Amendment Is Not An Effective Amendment of the Settlement Agreement.

Codemasters' amended pleading is a transparent attempt to void the Settlement Agreement between the parties and the language therein. Paragraph 16 of the Settlement Agreement, entitled "Variation," requires any amendment of the Settlement Agreement to be "in writing and signed by or on behalf of **each party**." Ex. A to the Am. Compl. (emphasis). Despite this language, Codemasters offers as evidence the Proposed Amendment that neither party signed or dated. Per Paragraph 16, this document is ineffective to alter the Settlement Agreement.

The September 22 Proposed Amendment itself states that it is, "**NOT A BINDING AGREEMENT UNTIL SIGNED BY BOTH PARTIES**." Ex. B to Am. Compl. ¶ 23. Under the terms of either the Settlement Agreement or the Proposed Amendment, therefore, the parties did not properly assent to the Proposed Amendment and it cannot be a valid contract.

---

[3] For purposes of this Motion, the attachments to the pleadings are considered part of the Amended Complaint. *Senture, LLC v. Dietrich*, 575 F. Supp. 2d 724, 725 (E.D. Va. 2008). Additionally, in reviewing a 12(b)(3) motion, the Court may consider evidence outside the pleadings. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). In so doing, the Court does not convert the motion to dismiss into one for summary judgment. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

## B. Southpeak Rejected And Never Performed Under The Proposed Amendment

Unable to overcome the unambiguous language of paragraphs 12 and 16 of the Settlement Agreement and with the absence of signatures on the Proposed Amendment, Codemasters asserts in its Amended Complaint, that "[b]y virtue of Southpeak's [October 2010] payments and partial performance under the Settlement Agreement Amendment, the [Settlement Agreement Amendment] is an enforceable contract." Am. Compl. ¶ 25. Neither the facts nor the law, of the High Court of England or Virginia, support this bald assertion.

According to the choice of law provision in the Settlement Agreement, English contract law is the law that governs the contract. *Paul. Bus. Sys. Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342, 397 S.E.2d 804, 807 (Va. 1990) (holding "where parties to a contract have expressly declared that the agreement shall be construed as made with reference to the law of a particular jurisdiction, we will recognize such agreement and enforce it, applying the law of the stipulated jurisdiction."); *Hooper v. Musolino*, 234 Va. 558, 566, 364 S.E.2d 207, 211 (1988) (same).[4] Under English law, "conduct will only amount to acceptance [of an offer] if it is clear that the offeree did the act with the intention (actual or apparent) of accepting the offer." *Jayaar Impex Ltd. v. Toaken Group Ltd.*, 2 Lloyd's Rep. 437 (1996); *accord* Joseph Chitty, CHITTY ON CONTRACTS § 2-027 (28th ed. 1999) (further stating that "[t]here is no acceptance where the offeree's conduct clearly indicates an intention to reject the offer").

Even were Virginia law to apply, the result would be the same. It is well settled under Virginia law that acts of purported part performance "must unequivocally refer to and result from an agreement and be such as the party would not have done [the acts] unless on account of that

---

[4] Paragraph 12 of the Settlement Agreement states that the Agreement "shall be governed by, and construed in accordance with, English Law." Ex. A to Am. Compl. Even were the Proposed Amendment to be effective, it did not alter the choice of law provision in Paragraph 12. Ex. B to Am. Compl.

6

very agreement, and with a direct view to its performance." *Pair v. Rook*, 195 Va. 196, 205, 77 S.E.2d 395, 400 (Va. 1953) (quoting *Plunkett v. Bryant*, 101 Va. 814, 818, 45 S.E. 742, 744 (Va. 1903)); *accord Williams v. Heller Bros. Realty*, 229 Va. 55, 57, 326 S.E.2d 661, 662 (Va. 1985). In other words, the "acts relied on as part performance must be consistent with no other theory than the existence of the [agreement]." *Pair*, 195 Va. at 208, 77 S.E.2d at 401. The same principles apply to purported modifications to an existing contract. To validly modify the underlying contract, the acts of part performance must "provide unequivocal evidence that the parties modified the [agreement]." *Wooten v. Lightburn*, Civ. No. 1:07-cv-00052, 2008 U.S. Dist. LEXIS 5661, at *25 (W.D. Va. Jan. 25, 2008). Moreover, the doctrine of part performance is equally unavailable to prove the existence of an oral agreement as an agreement on the terms of an unsigned written contract. *See*, *e.g.*, *Brooks & Co. Gen. Contrs., Inc. v. Randy Robinson Contr. Inc.*, 257 Va. 240, 245, 513 S.E.2d 858, 860 (Va. 1999) (holding that without a showing that there was a meeting of the minds by the parties on the terms of a written contract, it cannot be said that one party has accepted the terms of such contract by performance).

Here, Codemasters has no evidence that Southpeak performed under or otherwise accepted the Proposed Amendment. Rather, the opposite is true as no person at Southpeak "executed or, agreed to the terms of, the September 22 Proposed Amendment." Phillips Dec. ¶ 7

On September 29, 2010, Southpeak unequivocally rejected the Proposed Amendment and Codemasters acknowledged that rejection stating, that "you've [Southpeak] changed what we discussed and what you previously offered." Phillips Dec. ¶ 9 and Exhibit E. As Southpeak's response to Codemasters' offer was a rejection and counter-offer that varied the terms of the offer, it cannot serve as an acceptance. *Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 436 (E.D. Va. 2006) ("Basic contract law …. dictates that any counteroffer, accepted or not, operates as a

rejection, i.e., a denial of the earlier offer"); Chitty § 2-084 (citing *Hyde v. Wrench*, 3 Beav. 334 (1840)) (stating same).

The parties' subsequent actions confirm that they never entered the Proposed Amendment. In fact, Southpeak had already missed the first (September 24, 2010) payment due under the Proposed Amendment when, on September 29, 2010, it rejected Codemasters' offer. Am. Compl. ¶ 23; Phillips Dec. ¶ 9. Southpeak continued to pay Codemasters $25,000 a week based on the counter-proposal it had made and with the understanding and intention that it would continue to make $25,000 payments in November, contrary to the terms of the Proposed Amendment. *See id*. As Mr. Phillips states, "At no point did Southpeak make any payment based on the September 22 Proposed Amendment." Phillips Dec. ¶ 11.

Indeed, well after the Proposed Amendment was offered on September 22, 2010, the parties continued to negotiate an amendment and payment schedule. As Codemasters admits, Southpeak offered a November 3, 2010 revised payment schedule, Am. Comp. ¶ 28 and Ex. D, that Codemasters accepted on December 4, 2010. Phillips Dec. ¶ 10 and Ex. F (Codemasters Paul Martin responding to Southpeak's Mr. Phillips' November 3, 2010 email, stating: "based on [Southpeak's] proposal, which [Codemasters] accepted...."). The parties never memorialized the terms of this amendment before Codemasters sued Southpeak. Therefore, Codemasters' own pleading and course of conduct reflects that there was no meeting of the minds based on the proposal it had offered on September 22, 2010.

As such, Codemasters cannot show that the parties entered any amendment and the only operative agreement between the parties is the Settlement Agreement.

    **C.    Interpretation of the Forum Selection Clause Should Be Analyzed Under Federal Law and Federal Rule of Civil Procedure 12(b)(3).**

While the substantive contract law of England may apply based on the choice of law provision, the forum selection clause is analyzed under U.S. federal law. The *Erie* Doctrine

8

requires a federal court in diversity to apply state law to substantive matters, but federal law to procedural matters. For purposes of *Erie*, forum selection clauses are procedural in nature and governed by federal law. *Albemarle Corp. v. Astrazeneca UK Ltd*, 628 F.3d 643, 650 (4th Cir. 2010) ("[A] forum selection clause implicates what is recognized as a procedural matter governed by federal law."); *Sandy Spring Bank v. Advanced Sys. Servs., Corp.*, No. 1:09-cv-023, 2009 U.S. Dist. LEXIS 27288, *10 (E.D. Va. 2009) ("since forum clauses involve procedural issues and choice of law clauses are substantive, federal law, not choice of law provisions, should determine whether a forum clause is mandatory or permissive") (citing *K & V Scientific Co. v. BMW*, 314 F.3d 494, 501 (10th Cir. 2002)); *accord Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007).

The Fourth Circuit has recently instructed that Federal Rule of Civil Procedure 12(b)(3) is the proper rule for motions to dismiss seeking to enforce a forum selection clause. *See Sucampo Pharms.*, 471 F.3d at 550 (holding that "a motion to dismiss based on a forum-selection clause should be properly treated under Rule 12(b)(3) as a motion to dismiss on the basis of improper venue"); *see also Hipage Co. v. Access2Go, Inc.*, 589 F. Supp. 2d 602, 607 n.1 (E.D. Va. 2008) (citing *Sucampo* and stating that "Rule 12(b)(3) clearly governs the argument to dismiss on grounds of enforcing the forum selection clause").

D.  **The Forum Selection Clause of the Settlement Agreement is Mandatory.**

This Court has held that "[w]hen determining the import of a forum selection clause the Court must first examine whether the clause is mandatory or permissive." *Orion Worldwide Travel, LLC v. Commonwealth Foreign Exchange, Inc.*, No. 1:09-cv-1148, 2009 U.S. Dist. LEXIS 108643, at *4 (E.D. Va. Nov. 20, 2009) (citations omitted). A mandatory forum selection clause "contains 'clear language showing that jurisdiction is appropriate only in the designated forum.'" *Id*. at *4-5 (citations omitted). Only where a forum selection clause lacks such clear language,

may it be construed to permit litigation elsewhere. *See, e.g.*, *Sandy Spring Bank*, 2009 U.S. Dist. LEXIS 27288, at *7-10.

Here, the forum selection clause is unambiguous, calling for "the <u>exclusive</u> jurisdiction of the High Court of England" and further stating that "the parties hereby submit to the exclusive jurisdiction of that court for these purposes." Ex. A to Am. Compl., ¶ 12 (emphasis added). Both parties intended their choice of forum to be mandatory such that suits relating to the Settlement Agreement could be heard only in England. In such cases, the forum selection clause is mandatory.[5] *See IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007); *Orion Worldwide*, 2009 U.S. Dist. LEXIS 27288, at *5 ("When a 'forum selection clause contains language unambiguously indicating that the venue indicated is the exclusive venue in which claims can be brought' such a clause is mandatory.") (citations omitted); *Xerox Corp. v. Colors*, No. 3:10-cv-412, 2010 U.S. Dist. LEXIS 106566, at *6 (E.D. Va. Oct. 4, 2010) (a forum selection clause is mandatory where "the clause also contains limiting language, such as …. 'exclusive.'").

Accordingly, the forum selection clause is mandatory for "[a]ny dispute arising out of or in connection with, or concerning the carrying into effect of [the Settlement Agreement]." Ex. A to Am. Comp. ¶ 12. While the Complaint alleges facts concerning "proposed modified payments [sic] plans," the only claim brought is one alleging breach of contract. Am. Compl. ¶ 31 ("Southpeak breached its obligations under the Settlement Agreement."). Virginia federal courts have upheld the obvious proposition that an alleged breach of contract is a matter arising out of the

---

[5] Even if this Court were to determine that enforceability of a forum selection clause should be treated as a substantive, and not a procedural, issue, and therefore one that, in this case, should be determined under English law, the forum selection clause would still be held enforceable under such law. *See, e.g.*, *Albemarle Corp. v. Astrazeneca UK Ltd*, 628 F.3d 643, 651 (4th Cir. 2010) (indicating that, "[u]nder English law, when …. parties designate the English High Court as an appropriate forum, the designation is mandatory and exclusive").

contract. *See, e.g.*, *Caribbean S.S. Co. v. La Societe Navale Caennaise*, 140 F. Supp. 16, 25 (E.D. Va. 1956) (holding alleged breach of contract was "an issue …. clearly arising out of the contracts" between the parties); *accord Am. Recovery Corp. v. Computerized Thermal Imaging*, 96 F.3d 88, 93 (4th Cir. 1996) (holding that, if any claim has a "significant relationship" to the contract at issue, that claim can be said to arise out of or relate to the contract); *Delta-T Corp. v. Pac. Ethanol, Inc.*, No. 3:08-cv-524, 2009 U.S. Dist. LEXIS 8151, at *27 (E.D. Va. 2009) (holding that alleged breaches of amendments to license agreements "clearly arise[] 'out of or [are] related to'" the agreements).[6]

Thus, because the broad language of Paragraph 12 of the Settlement Agreement explicitly provides that it applies to "[a]ny dispute arising out of or in connection with" it, and Codemasters' only claim (breach of the Settlement Agreement) arises directly out of the Settlement Agreement, the mandatory forum selection clause is applicable and must be enforced.

  **E.**   **The Forum Selection Clause of the Settlement Agreement is Not Unreasonable, and is Therefore Valid and Enforceable.**

The law is clear that forum selection clauses are prima facie valid "unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).[7] Forum selections clauses "may be found unreasonable if (1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the

---

[6] Even were Virginia law to be applied, the result would be the same. *Foster v. Wintergreen Real Estate Co.*, No. CL09000086, 2010 Va. Cir. LEXIS 252, at *14 (alleged breach of express warranty was "clearly a matter arising from the contract"); *Ahern v. Toll Bros.*, 55 Va. Cir. 18, 24 (Va. Cir. Ct. 2001) ("the breach of contract and breach of warranty claims clearly arise out of the agreement").

plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state." *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). The burden of proving the unreasonableness of a forum selection clause is a heavy one; the disputing party must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *The Bremen*, 407 U.S. at 15; s*ee also Carnival Cruise Lines*, 499 U.S. at 592.

In this case, the forum selection clause to which both parties agreed is entirely reasonable. Codemasters has not alleged or even suggested that the forum selection clause of the Settlement Agreement was induced by fraud or overreaching and thus it is bound by its pleading. *See, e.g.*, *Orion Worldwide Travel,* 2009 U.S. Dist. LEXIS 108643, at *8-9 (finding no such allegations in plaintiff's complaint); *Hipage Co.*, 589 F. Supp. 2d at 612-13 (noting that plaintiff "did not allege fraud in the Complaint"). Nor is there any evidence that the forum selection clause was "unfair or unreasonable, or … affected by fraud or unequal bargaining power." *Paul Business Systems, Inc. v. Canon U.S.A., Inc.*, 240 Va. 337, 342 (Va. 1990) (citation omitted). Here, as in *The Bremen*, the forum selection "was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts." *The Bremen*, 407 U.S. at 12. Under such circumstances, it cannot be unfair to enforce a provision of an agreement both corporate parties carefully negotiated and entered. Indeed, the Amended Complaint itself alleges, unqualified, that the Settlement Agreement is a "valid, enforceable contract." Am. Compl. ¶ 29.

---

[7] The Court further notes that "[i]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court….," and that "[t]his approach is substantially … followed in other common-law countries including England." *The Bremen*, 407 U.S. at 11.

Nor would enforcement of the forum selection clause be so unfair or inconvenient as to deprive Codemasters of its day in court. Codemasters is a UK corporation that has its principal place of business in Warwickshire, England. Am. Compl. ¶ 1. From Codemasters' perspective, therefore, England is likely a *more convenient* forum in which to litigate, as its employees, and a number of its witnesses, are more likely to be found in England than in the Eastern District of Virginia. Even if it can be argued that the Eastern District of Virginia is a more convenient forum than England for some of Codemasters witnesses, this fact should not preclude enforcement of the forum selection clause. *Hipage Co.*, 589 F. Supp. 2d at 612-13 (citing *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1258 (4th Cir. 1991)) ("the expense of transporting witnesses is not sufficient to preclude enforcement of a forum clause.") In general, a forum selection clause, if freely bargained for and not contrary to public policy, should be characterized as unreasonable only where the chosen forum "is *seriously* inconvenient for the trial of the action." *The Bremen*, 407 U.S. at 16. That is not the case here.

Southpeak's motion is not intended to delay this action. To the contrary, Southpeak merely seeks to enforce the terms of the very same agreement under which Codemasters seeks relief. As in *The Bremen*, whatever inconvenience Codemasters could be said to suffer here "by being forced to litigate in the contractual forum as it agreed to do was clearly foreseeable at the time of contracting." *The Bremen*, 407 U.S. at 17-18; *see also Atley Pharms. v. Brighton Pharms., Inc.*, 2006 U.S. Dist. LEXIS 72614, at *13 (E.D. Va. 2006) (citing *Gordonsville Indus. v. Am. Artos Corp.*, 549 F. Supp. 200, 206 (W.D. Va. 1982)) ("It should have been clearly foreseeable to [plaintiff], when it contracted with [defendant], that it might have to bring an action for breach of contract …. in the venue specified in the Agreement."). Codemasters failed to abide by the plain language of the forum selection clause in bringing suit in this Court. Such failure should not now preclude litigation of this dispute in the Parties' agreed-upon forum. *See Atley Pharms.*, 2006 U.S.

13

Dist. LEXIS 72614, at *13 ("The fact that [plaintiff] may be required to pursue a separate action against [defendant] in no way effects [sic] [defendant's] right to bring the claim.").

Additionally, enforcement of the forum selection clause in this case would not be fundamentally unfair to the point of depriving Codemasters of a remedy. This Court has recognized that "it is not enough that the foreign law or procedure merely be different or less favorable than that of the United States." *Allen v. Lloyd's of London*, No. 3:96-cv-522, 1996 U.S. Dist. LEXIS 12300, at *51 (E.D. Va. 1996) (citation omitted), *overruled on other grounds*, 94 F.3d 923 (4th Cir. 1996). "Instead," this Court continued, "the issue on this facet of the inquiry is whether the foreign law selected by the parties is so fundamentally unfair as to present the danger that the plaintiff 'will be deprived of any remedy or treated unfairly.'" *Id.* (citation omitted). As a prospective forum, England does not present such a risk: "Although in certain situations English substantive law may not be as favorable to a party as would American law, United States courts have consistently found English tribunals to be neutral and just forums." *Id.* (citing *The Bremen* and several other cases for such proposition). In addition, there is no evidence here of any bad faith intent on the part of Southpeak to deter Codemasters from pursuing legitimate actions. *Carnival Cruise Lines*, 499 U.S. at 595. Southpeak seeks merely to litigate, if at all, in the forum selected by the parties.

Finally, enforcement of the forum selection clause of Paragraph 12 would not contravene any public policy of the Commonwealth of Virginia. Indeed, this Court has, on many occasions, enforced forum selection clauses, finding that the proper venue for an action was in England or some other foreign jurisdiction, rather than the Eastern District of Virginia. *See, e.g., Marine Oil Trading Limited v. Motor Tanker Paros*, 287 F.Supp.2d 638, 641-46 (E.D. Va. 2003) (enforcing forum selection clause providing for jurisdiction in "the English High Court of Justice" and granting motion to dismiss action brought in the Eastern District of Virginia); *Sucampo Pharms.*,

14

471 F.3d at 551 (affirming dismissal of breach of contract claims where forum selection clause provided for jurisdiction in Japan). The Fourth Circuit has even "enforced forum selection clauses …. where the contracted forum was England, and English law was arguably at odds with certain United States securities laws." *Hipage Co.*, 589 F. Supp. 2d at 612-13 (citing *Allen v. Lloyd's of London*, 94 F.3d at 928-32)). In addition, this is not an "essentially American controversy" such that it would be unjust to litigate in a foreign jurisdiction. *The Bremen*, 407 U.S. at 17. Thus, enforcement of the forum selection clause in this case would not contravene any public policy of Virginia.

Because the forum selection clause of the Settlement Agreement is not unreasonable, it should be enforced and this case should be dismissed. *See The Bremen*, 407 U.S. at 10; *Orion Worldwide Travel, LLC*, 2009 U.S. Dist. LEXIS 108643, at *11 (finding that a forum selection clause "is not unreasonable and is thus an enforceable clause").

### III.     CONCLUSION

Codemasters' Amended Complaint and Proposed Amendment cannot alter the Settlement Agreement. Per the Settlement Agreement *and* the Proposed Amendment upon which Codemasters relies, any amendments were required to be in writing and signed. Codemasters does not have evidence of an executed amendment or any evidence that the Proposed Amendment was accepted and effective. Rather, the facts reveal this proposal was unequivocally rejected. Codemasters has failed its burden to prove partial performance and to void the Settlement Agreement.

Codemasters must proceed in the forum the parties agreed to for disputes related to the Settlement Agreement. The forum selection clause of Paragraph 12 is mandatory and enforceable against the parties, and the Amended Complaint is subject to dismissal on these grounds. *See*, *e.g.*, *Bryant Electric Co., Inc. v. City of Fredericksburg*, 762 F.2d 1192, 1196 (4th Cir. 1985). If

Codemasters has any claim, it should be raised not in the Eastern District of Virginia, but in England, the Parties' agreed-upon forum. As such, Southpeak respectfully submits that the Court should grant its Motion to Dismiss under Rule 12(b)(3).

This the 25th day of March, 2011

        Respectfully submitted,

        SOUTHPEAK INTERACTIVE
        CORPORATION

By :      /s/
        --------------------------
        William R. Poynter
        Virginia State Bar No. 48672
        Counsel for Defendant
        WILLIAMS MULLEN
        222 Central Park Avenue, Suite 1700
        Virginia Beach, VA 23462
        Telephone: (757) 499-8800
        Facsimile: (757) 473-0395
        wpoynter@williamsmullen.com

        OF COUNSEL:

        Robert C. Van Arnam
        N.C. State Bar No. 28838
        Counsel for Defendant
        WILLIAMS MULLEN
        301 Fayetteville Street, Suite 1700
        Raleigh, NC 27601
        Telephone: (919) 981-4055
        Facsimile: (919) 981-4300
        rvanarnam@williamsmullen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March, 2011, I electronically filed the foregoing Memorandum of Law in Support of Defendant Southpeak Interactive Corporation's Motion to Dismiss Plaintiff's Amended Complaint Under Fed. R. Civ. P. 12(b)(3) with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

HOLLAND & KNIGHT LLP

| | |
|---|---|
| Brandon H. Elledge | Christine Tramontano |
| 1600 Tysons Boulevard, Suite 700 | 31 West 52nd Street |
| McLean, Virginia 22102 | New York, New York 10059 |
| Telephone: (703) 720-8015 | Telephone: (212) 513-3200 |
| Facsimile: (703) 720-8610 | Facsimile: (212) 385-9010 |
| brandon.elledge@hklaw.com | christine.tramontano@hklaw.com |

*Counsel for Plaintiff*

and also served a copy, along with a copy of the notification of such filing (NEF), via electronic mail, to the following non-filing user:

> John M. Toriello
> HOLLAND & KNIGHT LLP
> Counsel for Plaintiff
> 31 West 52nd Street
> New York, New York 10059
> Telephone: (212) 513-3200
> Facsimile: (212) 385-9010
> john.toriello@hklaw.com

By: _____/s/_____

William R. Poynter
Virginia State Bar No. 48672
Counsel for Defendant
WILLIAMS MULLEN
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462
Telephone: (757) 499-8800
Facsimile: (757) 473-0395
wpoynter@williamsmullen.com